UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| EDDIE M. GREEN, JR., )<br>)<br>  Plaintiff, )<br>)<br>  vs. )<br>)<br>MEIJER, INC., )<br>)<br>  Defendant. ) | No. 4:20-cv-00178-JMS-DML |

**ORDER**

Plaintiff Eddie M. Green, Jr., proceeding *pro se*, brings this patent infringement action against Defendant Meijer, Inc. ("Meijer"), alleging that he owns a patent for wet floor signs and Meijer is infringing that patent by using the signs in its stores without permission. [Filing No. 3.] On October 16, 2020, the Court granted Mr. Green's Motion for Leave to Proceed *In Forma Pauperis*, screened his Complaint pursuant to 28 U.S.C. § 1915(e), and directed service of process. [Filing No. 12.]  Currently pending before the Court is Mr. Green's Motion for Leave to File Amended Complaint, in which he seeks to add an additional Defendant to this case. [Filing No. 14.]

**I.
LEGAL STANDARDS**

Federal Rule of Civil Procedure 15 addresses amended and supplemental pleadings.  For pleadings to which a responsive pleading is required, the Rule provides that a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1)(B).  In all other cases, a party must obtain the opposing party's consent or the Court's

1

leave to amend, which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).

Joinder of parties, on the other hand, is governed by Federal Rules of Civil Procedure 19, 20, and 21.  Rule 20 provides that multiple defendants may be joined in one action if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  "A district judge necessarily has considerable discretion in applying" Rule 20.  *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018).  "[T]his discretion allows a trial court to consider, in addition to the requirements of Rule 20, 'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'"  *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (quoting *Intercon Research Assoc., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 56 (7th Cir. 1982)).

## II.
### DISCUSSION

In his motion, Mr. Green asks the Court for leave to amend his Complaint to add "(Shell) Royal Dutch Shell" ("Shell") as a Defendant "pursuant to Federal Rules of Civil Procedure 15(a)(2) and 20(a)(2)."  [Filing No. 14 at 1-2.]  Mr. Green asserts that "[t]hrough research" and by viewing social media posts, he has learned "additional facts that support the claims set forth in the Complaint" and discovered "additional transactions, occurrences and sales" of his patented product.  [Filing No. 14 at 1.]  Specifically, Mr. Green alleges that "Intellicone is owned by Chain Vault which is owned by Ara Yavruyan that sold other companies like La Jolla Car was Owner Larry Kingston in San Diego a patented product causing them to indirectly infringe as well."  [Filing No. 14 at 1.]  Mr. Green further alleges that there "are perhaps many more victims of this

intellectual property crime," that can only be ascertained through discovery. [Filing No. 14 at 1.] He also states that "the Plaintiffs learned that Defendant[']s seller himself committed numerous sales the (sic) falls within the claims alleged by the Plaintiff in this action." [Filing No. 14 at 1-2.]

Mr. Green attaches his proposed Amended Complaint to his motion. [Filing No. 14-1.] In the proposed Amended Complaint, Mr. Green lists Shell as a Defendant, [Filing No. 14-1 at 1-2], but does not otherwise mention Shell. In the "Statement of Claim" section, Mr. Green asserts, without further elaboration, that "[t]he Meijer company is continually using and advertising a patented product without permission after being warned twice of infringement issues. (wet floor sign # 9,940,976)." [Filing No. 14-1 at 4-5.]

Although a plaintiff can ordinarily amend his complaint as a matter of course at this stage in the litigation, because Mr. Green seeks to join Shell as a Defendant to this action, he must meet the requirements of Rule 20(a)(2). In intellectual property cases, courts have held that "it is not enough for a plaintiff to simply allege that multiple defendants have infringed the same patent or trademark to meet Rule 20's requirements." *Estee Lauder Cosmetics Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020) (citing cases). "That makes sense: one defendant's alleged infringement does not 'arise out of the same transaction, occurrence, or series of transactions or occurrences' as another defendant's unrelated infringement." *Id.*; *see also In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012) ("[I]ndependent defendants satisfy the transaction-or-occurrence test of Rule 20 when there is a logical relationship between the separate causes of action. The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant. In other words, the defendants' allegedly infringing acts, which give rise to the

3

individual claims of infringement, must share an aggregate of operative facts." (emphasis omitted)).

Mr. Green has not demonstrated that his potential claim against Shell arises out of the same transaction or occurrence as his claim against Meijer. Importantly, he does not set forth any specific allegations against Shell in his proposed Amended Complaint. [*See* Filing No. 14-1.] He vaguely asserts in his motion that Shell and others have infringed the same patent that he alleges Meijer has infringed, [Filing No. 14 at 1-2], but this is not sufficient to demonstrate that Shell should be joined as a party to this lawsuit, *see Estee Lauder*, 334 F.R.D. at 187. Because Mr. Green does not provide any detail as to the circumstances of Shell's alleged infringement, the Court cannot conclude that it arises from the same operative facts as Meijer's alleged infringement; indeed, it is more likely that these unrelated entities, if they infringed Mr. Green's patent, did so independently. *See In re EMC Corp.*, 677 F.3d at 1358. If Mr. Green wishes to pursue a claim of patent infringement against Shell, he must do so in a separate lawsuit. Accordingly, Mr. Green's motion seeking to add Shell as a Defendant is **DENIED**.

### III.
### CONCLUSION

Based on the foregoing, Mr. Green's Motion for Leave to File Amended Complaint, [14], is **DENIED**.

Date: 11/5/2020

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail to:**

EDDIE M. GREEN, JR.
1415 East 8th Street
Jeffersonville, IN 47130