UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| EDDIE M. GREEN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00178-TWP-DML |
| ) | |
| MEIJER, INC., ) | |
| ) | |
| Defendant. ) | |

### ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6) by Defendant Meijer, Inc., ("Meijer") (Dkt. 21). *Pro Se* Plaintiff Eddie M. Green, Jr., ("Green"), initiated this action asserting a patent infringement claim against Meijer seeking a preliminary injunction and damages. Green's claim is centered around the alleged infringement of Green's patent and the damage caused to the validity of the patented product (Dkt. 3). For the following reasons, the Court **grants** Meijer's Motion to Dismiss.

### I.  BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of Green as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Green is a citizen of Indiana (Dkt. 3 at 2). Meijer is a corporation, incorporated under the laws of Michigan and has its principal place of business in Michigan. *Id.* On August 14, 2020, Green filed a fill-in-the-blank "Complaint for a Civil Case". *Id.* at 1. Green alleged his claim

involved a federal question under 35 U.S.C. § 271—asserting that Meijer infringed on a patented wet floor safety sign, designated as patent "# 9,940,796" (the "796 Patent"). *Id.* at 5. Green alleges,

> On or about Mar[ch] 19, 2020, Meijer, Inc was notified by email of a copied patent product that was not yet on the market, twice this notice was sent too [sic] warn them of infringement, Meijer, Inc continues too [sic] use this wet floor sign that is a copy of the patented # 9,940,796 wet floor saf[e]ty sign as of June 9, 2020.

*Id.* Green alleges that Meijer's continued use of a "copy" of his patented wet floor sign was damaging "the validity of the patented product." *Id.* He seeks $2.8 million dollars from Meijer for the alleged continued use and advertisement of his patented product. *Id.* at 3.

On December 14, 2020, Meijer moved to dismiss Green's suit based on lack of personal jurisdiction, improper venue, and failure to state a claim on which relief can be granted (Dkt. 21). On January 4, 2021, Green filed his response (Dkt. 28).

## II.   LEGAL STANDARD

### A.   **Motion to Dismiss under Rule 12(b)(2) Standard**

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. When a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997); *Wine & Canvas Dev., LLC v. Weisser*, 886 F. Supp. 2d 930, 937 (S.D. Ind. 2012).

### B.   **Motion to Dismiss under Rule 12(b)(3) Standard**

Federal Rule of Civil Procedure 12(b)(3)requires dismissal for improper venue. In a patent case such as this, the patent venue statute, 28 U.S.C. § 1400(b), is the exclusive venue provision. *TC Heartland LLC v. Kraft Foods Group Brands, LLC*, 137 S. Ct. 1514, 1517, 197 L. Ed. 2d 816 (2017). This statute expressly provides that "[a]ny civil action for patent infringement may be

brought in the judicial district [1] where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

 C. **Motion to Dismiss under Rule 12(b)(6) Standard**

  Similarly, Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

 Meijer asks this Court to dismiss this action based on (1) the lack of personal jurisdiction over Meijer; (2) this judicial district being improper for a patent claim; and (3) Green's failure to plead facts sufficient to state a claim on which relief can be granted (Dkt. 22 at 3–5). The Court will first address Meijer's Rule 12(b)(2) argument, which resolves the Motion to Dismiss. *See Rawlins v. Select Specialty Hosp. of Nw. Ind., Inc.*, 2014 U.S. Dist. LEXIS 57076, at *4 (N.D. Ill. Apr. 23, 2014) ("If the court determines that it lacks personal jurisdiction over [defendant], it

3

would be improper for this court to reach the merits of the case."). "[P]ersonal jurisdictional issues in patent infringement cases are reviewed under Federal Circuit law, not regional circuit law." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 563 F.3d 1285, 1293 (Fed. Cir. 2009); *see Eli Lilly & Co. v. Nang Kuang Pharm. Co*., No. 1:14-CV-01647-TWP, 2015 WL 5022920, at *2 (S.D. Ind. Aug. 24, 2015) ("Federal Circuit law governs personal jurisdiction issues in patent infringement cases"); *see also Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002).

The Federal Circuit has outlined a three-part test for specific jurisdiction which considers whether: "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to the defendant's activities with the forum, and (3) assertion of personal jurisdiction is reasonable and fair." *Synthes (U.S.A.)*, 563 F.3d at 1297 (Fed. Cir. 2009); *see Elecs. for Imaging v. Coyle*, 340 F.3d 1344, 1350 (Fed.Cir.2003); *see also Burger King*, 471 U.S. at 472–73 (citing *Keeton v. Hustler Magazine, Inc*., 465 U.S. 770, 774 (1984), and *Helicopteros Nacionales*, 466 U.S. at 414). Pursuant to this three-part test, a court can assert specific jurisdiction even if the contacts are "isolated and sporadic," as long as the cause of action arises out of or relates to those contacts. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003).

As noted by our sister court within the Seventh Circuit, "jurisdiction is a threshold requirement that must be satisfied before a court can pass judgments on the merits." *Id*. "The court must satisfy itself that it can exercise personal jurisdiction over [defendant] before it addresses the merits of the case. Accordingly, the court must consider [the] motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) before it can address the Rule 12(b)(3) and Rule 12(b)(6) motions." *Id.* at 2. "'Without jurisdiction the court cannot proceed at all in any cause.

4

Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *United States v. Rachuy*, 743 F.3d 205, 211 (7th Cir. 2014) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

Meijer asserts that the Court must dismiss Green's Complaint because it "lacks any indication that this Court has personal jurisdiction over the Defendant." (Dkt. 22 at 3.) Meijer argues that Green failed to "allege that Defendant has any contacts with Indiana let alone would anticipate being hauled into the court for any matter." *Id.* Meijer contends that Green "bears the burden of establishing the first two prongs of specific jurisdiction," and fails to "allege any facts which support[] this Court having personal jurisdiction over" Meijer. *Id.*

Green responds by reiterating the allegations in his Complaint—Meijer infringed on the 796 Patent—as well as inserting ostensible rebuttals to Meijer's arguments in the form of recitations of large blocks of black letter law regarding personal jurisdiction, Indiana trial rules, and Federal Rule of Civil Procedure 8(a). (Dkt. 28.) In his response, Green includes the text of an email he allegedly sent to Meijer informing it of the infringement but does not provide information establishing delivery or who the email was sent to. *Id.* at 2. Green alleges that "253 Meijer stores purchased 506 (9,940,796) patented products" and "33 contacts of Meijer stores are located in the state of Indiana". *Id.* at 1.

To support his claim that the Court does, in fact, have personal jurisdiction over Meijer, Green cites *Anthem Ins. Cos. v. Tenet Healthcare Corp.*, 730 N.E.2d 1227, 1230 (Ind. 2000), and the two-step analysis for determining personal jurisdiction laid out in that case. (Dkt. 28 at 4.) Green asserts that there is "significant unfairness and logical inconsistency" regarding Meijer's personal jurisdiction argument when "Meijers [sic] want[s] to use the forum to engage in

5

proceedings". *Id*. at 9. Green contends that "sufficient notices were sent to Meijer, Inc.['s] corporate office," and that his Complaint "fully complies with the pleading requirements of Federal Rule of Civil Procedure 8(a)". *Id*. at 9, 10. Green includes four pictures of wet floor signs in various, unspecified establishments, allegedly taken between February 2020 and November 2020. *Id*. at 11. Green does not provide context or further information about the significance or relevance of these pictures.

Meijer replies that Green's Complaint should be dismissed because it is "devoid of any supporting law." (Dkt. 24 at 1.) Green's response "merely regurgitates his defective Complaint allegations, and improperly attempts (unsuccessfully) to embellish them." *Id.* Green "ignores the indisputable fact that he, not Meijer, bears the burden to prove this this Court has personal jurisdiction," in addition to proving whether the venue is appropriate and whether a viable claim of patent infringement has been alleged. *Id*. Meijer asserts that Green "has failed to plead **any** facts supporting personal jurisdiction". *Id*. (emphasis in original).

Meijer points out that Green's reliance on the two-part test set out by *Anthem* is incorrect because it has been superseded by Rule 4.4(A) in 2006. *Id.* at 4 (citing *LinkAmerica Corp*., N.E.2d at 961). Green fails to illustrate where the alleged infringement took place and failed to specify any specific Meijer stores that were involved, thus, not meeting his burden to allege sufficient contacts to establish personal jurisdiction. *Id.* at 5.

The Court determines that Green has not met his burden to demonstrate the existence of personal jurisdiction. *See Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000) ("[O]nce the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction."). Green has not

demonstrated that there is specific personal jurisdiction. Under the Federal Circuit's "three-prong test" to establish specific jurisdiction, courts must determine whether "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Breckenridge Pharm., Inc. v. Metabolite Lab'ys, Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006).

A single contact can be sufficient to establish the defendant purposefully directed its activities at residents of the forum. *See McGee,* 355 U.S. at 223. However, Green's Complaint and subsequent response fail to show minimum contacts because he has not demonstrated that Meijer has purposely directed its activities at residents of Indiana nor that his claim arises out of or relates to Meijer's activities in Indiana. *See Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003) ("The first two factors correspond to the 'minimum contacts' prong of the *International Shoe* analysis."). Green does not attempt to explain where the alleged infringement took place and does not rebut Meijer's direct arguments that it has not had sufficient contacts with the forum state to permit personal jurisdiction—he merely reproduces the relevant law regarding minimum contacts sans any connection to this case or his claim, (Dkt. 28 at 6). Green has failed to establish the first and second prong of the inquiry and thus is unable to demonstrate the existence of specific jurisdiction. *See Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334, 1344 (Fed. Cir. 2006) ("On its face, the complaint lacks sufficient allegations of minimum contacts to establish personal jurisdiction.").

Meijer cites this Court's holding in *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, No. 115CV01675TWPTAB, 2017 WL 698312 (S.D. Ind. Feb. 22, 2017), to demonstrate that Green has failed to demonstrate facts to show this Court has general personal jurisdiction over them, *see id.,* at *1 ("In light of the recent Supreme Court case law regarding general jurisdiction,

7

and given the fact that Meso is a Delaware corporation headquartered in Maryland without an Indiana address or telephone number, the Court determines that it lacks general personal jurisdiction over Meso."). There is a higher burden to establish general jurisdiction and Green has not met this burden. *See Avocent Huntsville Corp. v. Aten Int'l Co*., 552 F.3d 1324, 1330 (Fed. Cir. 2008) ("To establish the minimum contacts necessary to establish general personal jurisdiction, plaintiffs bear a higher burden.").

Meijer is incorporated under the laws of the state of Michigan—where it is also headquartered—and Green fails to allege sufficient connection between Indiana and Meijer to show "continuous and systematic general business contacts," as required to permit general jurisdiction. *See Helicopteros*, 466 U.S. at 416. Green's lone allegation in his response that "33 contacts of Meijer stores are located in the state of Indiana," is found nowhere in his Complaint and ultimately is insufficient to establish continuous and systematic contacts (Dkt. 28 at 1); *see also Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) ("The threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence.").

Green has not specified which stores are allegedly using his patented product, failed to allege any connection between Meijer and Indiana in his Complaint, and failed to elaborate on the conclusory allegation that "33 contacts of Meijer stores" were supposedly located in Indiana (Dkt. 28 at 1). Green's four pictures of wet floor signs have no probative value given that he fails to include where the pictures were taken and their relevance to his infringement claim and jurisdictional defense. *Id.* at 11. Ultimately, Green makes no attempt to establish that Meijer's contacts with Indiana rise to the level of "continuous and systematic activity" that is "sufficient to confer general jurisdiction." *Avocent Huntsville Corp.*, 552 F.3d at 1338.

The Court determines that it lacks specific personal jurisdiction and general jurisdiction, and therefore cannot adjudicate Green's patent infringement claim. Because this Court lacks personal jurisdiction over the Defendant, the Court need not address Meijer's Rule 12(b)(3) and (6) arguments. Accordingly, Meijer's Motion to Dismiss is **granted** based on the lack of personal jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, Meijer's Motion to Dismiss ([Dkt. 21](#)) is **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(2). This action is **DISMISSED without prejudice**[1]. Final judgment will issue by separate order.

    **SO ORDERED.**

Date: 9/27/2021

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Eddie M. Green, Jr.
1415 East 8th Street
Jeffersonville, Indiana  47130

Lisel M. Ferguson
PROCOPIO, CORY, HARGREAVES AND SAVITCH, LLC
lisel.ferguson@procopio.com

Tiffany Salayer
PROCOPIO, CORY, HARGREAVES AND SAVITCH, LLC
tiffany.salayer@procopio.com

---

[1] "A dismissal for lack of personal jurisdiction is not a decision on the merits and thus is without prejudice." *Schmidt v. Europea Ltd.*, 2001 U.S. Dist. LEXIS 10675, at *8 (S.D. Ind. May 18, 2001).